UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERALD JOHNSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6123** |
| **CITY OF SLIDELL,**<br>    **Defendant** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is Defendant City of Slidell's Motion for Partial Summary Judgment on Limitation of Plaintiff's Damages.[1]

### BACKGROUND

Plaintiff was employed by Defendant and was injured in a workplace accident in August 2016.[2] As a result of his injuries, Plaintiff was placed on "light duty status" until he stopped working for Defendant in December 2016. Plaintiff alleges Defendant discriminated and retaliated against him because of his injuries and resulting disabled status, violating both state and federal law.[3] Defendant filed a Motion for Partial Summary Judgment[4] requesting the Court rule the statutory damages cap under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq, applies; and that no punitive damages under the ADA may be awarded against Defendant.

### STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] R. Doc. 69.
[2] R. Doc. 69-1 at 2.
[3] *Id.*
[4] *Id.*

1

of law."[5] "An issue is material if its resolution could affect the outcome of the action."[6] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party.[8] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[9]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[10] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[11]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential

---

[5] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[6] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[8] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[9] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[10] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[11] *Celotex*, 477 U.S. at 322–24.

element of the nonmovant's claim.[12] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[13] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[14] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[15] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[16] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court

---

[12] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[13] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[14] *Celotex*, 477 U.S. at 332–33.
[15] *Id.*
[16] *Celotex*, 477 U.S. at 332–33, 333 n.3.

determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[17]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[18]

## LAW AND ANALYSIS

### I.     Punitive Damages under the ADA

The parties agree 42 U.S.C. § 1981a sets out the controlling standard for the recovery of compensatory and punitive damages pursuant to the ADA.[19] In relevant part, 42 U.S.C. § 1981a(b) states:

> (1) Determination of punitive damages. A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.[20]

In this case, Plaintiff does not contest Defendant is a political subdivision. The parties agree that under 42 U.S.C. § 1981a punitive damages may not be recovered against a political subdivision.[21] Accordingly, there is no material factual dispute and Plaintiff has no right to recover punitive damages under the ADA as a matter of law. Defendant's

---

[17] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[18] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[19] R. Doc. 69-5 at ¶ 4; R. Doc. 76-1 at ¶ 4.
[20] 42 U.S.C. § 1981a(b)(1) (emphasis added).
[21] R. Doc. 69-5 at ¶ 8; R. Doc. 76-1 at ¶ 8.

motion for partial summary judgment on punitive damages under the ADA is **GRANTED**.

## II.     Limitation of Liability under ADA

There is no dispute that 42 U.S.C. § 1981a sets out limitations on recovery of compensatory and punitive damages pursuant to the ADA.[22] In relevant part, 42 U.S.C. § 1981a(b) states:

> (3) Limitations. The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—
>
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and
> (C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000.[23]

It is uncontested that Defendant employed fewer than 500 employees in the years 2016, 2017, and 2018.[24] Accordingly, there is no material factual dispute and Defendant is entitled to judgment as a matter of law. Defendant's motion for partial summary judgment Plaintiff's that compensatory damages under the ADA are capped at $200,000 is **GRANTED**.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion for partial summary judgment that Plaintiff has no right to recover punitive damages under the ADA is **GRANTED**.

---

[22] R. Doc. 69-5 at ¶ 4; R. Doc. 76-1 at ¶ 4.
[23] 42 U.S.C. § 1981a(b)(3).
[24] R. Doc. 69-5 at ¶ 7; R. Doc. 76-1 at ¶ 7.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment that Plaintiff's compensatory damages under the ADA are capped at $200,000 is **GRANTED**.

**New Orleans, Louisiana, this 22nd day of October, 2020.**

                                                                  **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**